[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10399
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20210-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIRTAJ "TOSH" MATHAUDA,
a.k.a. Mark Bolan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

A jury found Sirtaj "Tosh" Mathauda guilty of: one count of conspiring to commit mail and wire fraud, nine counts of mail fraud, and two counts of wire fraud.  Mathauda appeals his total sentence of 200 months' imprisonment and the district court's denial of his motion to proceed pro se upon resentencing.[1]  First, Mathauda argues that his 200-month sentence was substantively unreasonable given (1) his old age and poor health, (2) that his driving-under-the-influence convictions occurred within six years of each other, and (3) his non-citizenship concerns.  Second, Mathauda argues that he made a clear and unequivocal request to proceed pro se before resentencing and the denial of that motion without conducting a *Faretta*[2] hearing violated his Sixth Amendment right to self-representation.

## I. Substantive Reasonableness

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *United States v. Brown*, 772 F.3d 1262, 1266 (11th Cir. 2014) (per curiam).  Under this standard, we need only ensure that the district court's sentence is reasonable, and we will not set aside the sentence merely because another sentence may have been more appropriate.  *See United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).  The party challenging the sentence

---

[1] His first sentence was overturned by this court. *See United States v. Mathauda*, 740 F.3d 565, 566 (11th Cir. 2014) (per curiam).
[2] *Faretta v. California*, 422 U.S. 806 (1975).

bears the burden of demonstrating that the sentence is unreasonable given the entire record, the 18 U.S.C. § 3553(a) factors, and the substantial deference given to sentencing courts. *See United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir.2009).

In reviewing for substantive reasonableness, we examine whether the § 3553(a) factors support the sentence under the totality of the circumstances. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). A sentence may be substantively unreasonable if a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily. *See United States v. Pugh*, 515 F.3d 1179, 1191–92 (11th Cir. 2008). We do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect such a sentence to be reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). Furthermore, a sentence imposed well below the statutory maximum term of imprisonment is an indicator of a reasonable sentence. *Id.*

The district court did not abuse its discretion in sentencing Mathauda to 200 months' imprisonment. Mathauda was sentenced below the middle of the guideline range and well below the 25-year statutory maximum term of imprisonment, thus indicating the sentence's reasonableness. *See* 18 U.S.C. §§ 1341, 1343, 1349, 2326;

*Stanley*, 739 F.3d at 656. The court was well within its discretion to weigh more heavily the seriousness of Mathauda's crime—as his fraudulent scheme caused $3.5 million in losses to numerous innocent victims—and the nature and extent of his criminal history. *See United States v. Overstreet*, 713 F.3d 627, 636–40 (11th Cir. 2013). Mathauda does not argue that the court unjustifiably relied upon these factors, but rather that his age, his health, the similarity and proximity of his prior convictions, his ineligibility for prison programs, and his potential deportability warranted a shorter sentence. Mathauda, however, has failed to prove that these considerations render his within-guideline-range sentence unreasonable under the totality of the circumstances, especially when considering the extent of the harm caused by his crime. *See Gonzalez*, 550 F.3d at 1324; *Pugh*, 515 F.3d at 1192. Thus, Mathauda's 200-month sentence is substantively reasonable, and we affirm the sentence.

## II. Mathauda's *Faretta* Rights

We review de novo whether a defendant validly waived his right to counsel, as a mixed question of law and fact. *Stanley*, 739 F.3d at 644.

A criminal defendant may exercise his constitutional right to represent himself—his *Faretta* rights—by making a knowing and intelligent waiver of his Sixth Amendment right to counsel and by clearly and unequivocally asserting his request to proceed pro se. *See Gill v. Mecusker*, 633 F.3d 1272, 1294 (11th Cir.

4

2011).  The defendant's clear and unequivocal request to represent himself triggers the court's obligation to conduct a *Faretta* hearing, in which the defendant must be informed of the advantages and disadvantages of self-representation.  *See id.* at 1293.  A defendant makes a clear and unequivocal request for self-representation by, for example, affirmatively invoking his right to self-representation.  *See United States v. Garey*, 540 F.3d 1253, 1264–65 (11th Cir. 2008) (en banc).

Even if a defendant properly invokes his *Faretta* rights, he can still waive them if he requests self-representation but engages in subsequent conduct showing a vacillating position on the issue.  *See Gill*, 633 F.3d at 1294–95.  For example, a defendant fails to invoke his *Faretta* rights when he requests to proceed pro se, while at the same time stating that he would prefer different counsel or continuing to argue a substitution of counsel motion.  *See id.* at 1295–96 (explaining that the defendant's vacillation made his request for self-representation equivocal).  Upon a questionable waiver of the right to counsel, the Supreme Court has directed that courts should indulge in every reasonable presumption against waiver.  *See Brewer v. Williams*, 430 U.S. 387, 404, 97 S. Ct. 1232, 1242 (1977).

Additionally, if the defendant properly invokes his *Faretta* rights, those rights can still be adequately vindicated in non-jury proceedings so long as the court allows the pro se defendant to argue freely on his own behalf and so long as any disagreements between counsel and the pro se defendant (on issues that would

5

normally be left to the discretion of counsel) are resolved in the defendant's favor. *See McKaskle v. Wiggins*, 465 U.S. 168, 179–81, 104 S. Ct. 944, 951–53 (1984) (finding no error where, even though the lower court did not grant each of the defendant's motions, it never adopted counsel's position over the defendant's position on a matter normally within the defense's discretion).

Mathauda waived his *Faretta* rights by vacillating on the issue. Mathauda's vacillation on the issue is as follows:

- May 6, 2014, Mathauda filed a motion to proceed pro se for resentencing.
  - Magistrate judge held a *Faretta* hearing explaining the pros and cons of proceeding pro se.
  - Magistrate's Report and Recommendation (R&R) stated that based on Mathauda's request for appointed counsel, he should be appointed counsel.
  - Mathauda was appointed counsel.

- August 3, 2014, Mathauda filed a pro se objection to the R&R stating he would prefer a different attorney.
  - Court adopted R&R on August 19, 2014 and noted Mathauda's objections were untimely.

- Mathauda filed a pro se motion to remove appointed counsel and reinstate another attorney. The appointed attorney filed a motion to withdraw for irreconcilable differences.
  - At a hearing on the motions, Mathauda requested to proceed pro se. The magistrate judge conducted a second *Faretta* hearing, authorized him to proceed pro se, and removed his appointed attorney.

- November 26, 2014, four days before resentencing, Mathauda filed a pro se motion asking for a delay in the resentencing or to appoint counsel.

- o At this attempted resentencing, Mathauda instructed the court that he wished to have counsel appointed for the resentencing.
- o The court appointed counsel and reset the resentencing for December 18.

- December 11, 2014, Mathauda filed a pro se motion to reassert his pro se status and to remove court-appointed counsel

- December 18, 2014, the court addressed the pro se motion and explained that the court would not go back and forth on this issue any longer, a warning the court also delivered at the previous hearing, and proceeded with the resentencing.
  - o Mathauda replied that he filed the pro se motions because he wanted to raise issues about his innocence but understood that the resentencing hearing was not the right time to raise them.
  - o The court gave Mathauda an opportunity to speak on his own behalf, but he made no objections or sentencing-related arguments.

With this vacillation and the reasonable presumption against waiver of counsel, Mathauda failed to clearly and unequivocally assert his *Faretta* rights and the district court did not err in denying his motion without holding a third *Faretta* hearing. *See Brewer*, 430 U.S. at 404, 97 S. Ct. at 1242; *Gill*, 633 F.3d at 1293–95.

In any event, Mathauda's *Faretta* rights were nevertheless vindicated during the resentencing hearing, where the court provided Mathauda an opportunity to make sentencing arguments on his own behalf after his appointed counsel made substantive reasonableness arguments that Mathauda neither objected to nor contradicted. *See McKaskle*, 465 U.S. at 179, 104 S. Ct. at 951. Although the court did not rule on Mathauda's non-sentencing pro se motions, the district court

never adopted Mendez's position as to sentencing over Mathauda's position, or lack thereof. *See id.* at 181. Accordingly, Mathauda's *Faretta* rights were not violated, and we affirm his sentence.

After careful review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**

8